IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

QUATEZ VASHON BROOKS                                                                PLAINTIFF

VS.                                                          CIVIL ACTION NO. 3:20-CV-599-DPJ-FKB

OFFICER TORREY HANKINS;
OFFICER PAUL GRIFFIN, JR.;
OFFICER CHARLES E.
FOREMAN; AND OFFICER
MALCOLM HANDY                                                                      DEFENDANTS

## REPORT AND RECOMMENDATION

Quantez Vashon Brooks is a federal prisoner who during the relevant time period was incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi (FCC-Yazoo). He alleges constitutional violations by prison officials at FCC-Yazoo. Before the Court are the following motions filed by Defendants: The motion of Officers Torrey Hankins, Charles E. Forman, and Malcolm Handy to dismiss or, alternatively, for summary judgment [29], and the motion of Officer Paul Griffin, Jr., for summary judgment or, alternatively, for judgment on the pleadings [37]. Having considered the motions, Plaintiff's response, and Defendants' replies, the undersigned recommends that the motions be granted and this action be dismissed with prejudice.

Plaintiff's factual allegations are as follows. Plaintiff arrived at FCC-Yazoo in May of 2018. [1-6] at 1. Approximately two weeks later, Officer Handy sexually assaulted him by grabbing his penis. *Id.*; [1] at 16. Plaintiff reported the assault and asked to be placed on protective custody. [1] at 4. Thereafter, Defendants retaliated against him by telling other inmates that he was a "snitch," throwing away his inmate request forms, and offering flat books of stamps to any inmate who would beat him up. *Id.* at 6; [1-6] at

2.  Defendant Griffin, a recreation officer, warned him that he would have Plaintiff assaulted if he came to recreation.  [1] at 6.  On August 3, 2018, while Plaintiff was in a recreation cage, Officer Griffin came by and told Plaintiff that he had "something for [him]."  *Id.* at 7.   He then placed a gang member, inmate Holt, in the cage with Plaintiff, and Holt assaulted Plaintiff.  *Id.* at 7, 15.  Plaintiff was seen in the medical unit after the assault, where no injuries were noted.  [1-4] at 8.  The next day, Plaintiff began submitting medical requests complaining of weakness, dizziness, blurred vision, and knots on his head, but staff ignored his requests.  [1] at 7-8; [45] at 3.  He also began developing gastrointestinal symptoms around this time.  [1-4] at 13.

On August 9, 2018, Plaintiff's condition worsened; he states that he was "coming in and out of consciousness."  [1] at 8.  His cellmate requested that Defendant Foreman call someone from medical to come to the cell, but Foreman refused, saying that he was not calling anyone and that he hoped that Plaintiff died.  *Id.*; [45] at 3-4.  After about an hour and 20 minutes, a new officer on duty discovered that Plaintiff was unable to stand and called medical.  [1-6] at 2.  Medical staff determined that Plaintiff was suffering from low blood glucose, dehydration, and diarrhea.  [1-4] at 13.  When they were unable to start an IV, they transferred Plaintiff to an outside emergency room for treatment.  *Id*.  Plaintiff returned to the prison the next day.  *Id.* at 16.

On September 4, 2018, Plaintiff was placed in a cell with an active gang member. [1] at 16.  About a week later, Plaintiff informed Defendant Hank that he was on protective custody and should be moved, but Hank took no action.  *Id.* at 9.  On

September 11, 2018, Plaintiff was assaulted by the cellmate. *Id.* at 16. He sustained a facial laceration as a result. [1-4] at 18. Later, the inmate told Plaintiff that he had been paid by staff to beat him up. [1] at 16.

Construed liberally, Plaintiff's allegations raise colorable claims of excessive force, retaliation, failure to protect, and denial of medical care. Plaintiff seeks recovery both pursuant to *Bivens*[1] and the Federal Tort Claims Act (FTCA). However, Plaintiff's attempt to obtain relief pursuant to the FTCA fails as a matter of law. The only proper defendant in an FTCA action is the United States; for this reason, "an FTCA claim against a federal . . . employee as opposed to the United States itself must be dismissed for want of jurisdiction." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). Furthermore, the FTCA's waiver of sovereign immunity does not extend to constitutional claims. *See McAfee v. 5th Circuit Judges*, 884 F.2d 221, 223 (5th Cir. 1989).

Thus, there remains Plaintiff's attempt to obtain relief pursuant to Bivens. In *Bivens*, the Supreme Court recognized an implied cause of action for damages against federal officers in their individual capacities for violations of constitutional rights.[2] *Bivens* involved a Fourth Amendment claim for unreasonable search and seizure. *See Bivens*, 403 U.S. at 397. Subsequently, the Supreme Court recognized two other

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 US. 388 (1971).

[2] Plaintiff indicates that he is suing Defendants in both their individual and official capacities. However, official capacity claims are really suits against the government, and *Bivens* does not provide a remedy against the government. *See Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 380 (5th Cir. 1986).

implied causes of action under the *Bivens* doctrine:  A Fifth Amendment equal protection claim for employment discrimination by a federal official, *Davis v. Passman*, 442 U.S. 228 (1979), and an Eighth Amendment claim by a federal prisoner for inadequate medical care, *Carlson v. Green*, 446 U.S. 14 (1980).

More recently, however, the Supreme Court has expressed doubt about its authority to imply causes of action where Congress has not expressly legislated them, describing the expansion of the *Bivens* remedy as "a 'disfavored' judicial activity."  *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1856 (2017) (quoting *Ashcroft v Iqbal*, 556 U.S. 662, 675 (2009)).  In *Abbasi*, the Supreme Court set out a two-part analysis for determining whether a claim should be implied under *Bivens*.  First, the court determines whether the case under consideration involves a "new context," that is, whether it is "different in a meaningful way" from the three previous *Bivens* actions approved by the Supreme Court.  *Id.* at 1859.   If not, then the case may proceed under *Bivens*.  If, however, the answer is in the affirmative, the court must go on to determine whether there are "special factors counselling hesitation in the absence of affirmative action by Congress." *Id.* at 1857 (quoting *Carlson*, 446 U.S. at 18)

This court has previously determined that cases of excessive force involve a "new context" that differs in a meaningful way from *Bivens* or its extensions, and that the *Bivens* remedy does not extend to allegations of excessive force under the Eighth Amendment.  *See Freeman v. Provost*, No. 3:19-cv-421-KHJ-FKB, 2021 WL 710376, at *3 (S.D. Miss. Jan. 27, 2021), *report and recommendation adopted*, Order (Mar. 3,

4

2021); *Brown v. Nash*, No. 3:18-cv-528-DPJ-JCG, 2019 WL 7562785, at *6 (S.D. Miss. Dec. 13, 2019), *report and recommendation adopted*, 2020 WL 129101 (S.D. Miss. Jan. 10, 2020). Considered as a type of excessive force claim, Plaintiff's allegation of sexual assault by Officer Handy likewise involves a "new context," as do his claims that Defendants encouraged or failed to protect him from assault by other inmates. Finally, the Fifth Circuit has held that *Bivens* does not provide a remedy for First Amendment claims of retaliation. *Watkins v. Three Admin. Remedy Coordinators of Bureau of Prisons*, 998 F.3d 682, 685-86 (5th Cir. 2021).

      Furthermore, the "special factors" analysis indicates that Plaintiff's claims are not actionable under *Bivens*. *Abbasi* provides that "a *Bivens* remedy will not be available if there are 'special factors counseling hesitation in the absence of affirmative action by Congress.'" *Abbasi*, 137 S.Ct. at 1857 (quoting *Carlson*, 446 U.S. at 18 (1980). At the center of the analysis is the principle of separation of powers. *Id.* The Fifth Circuit has described this "counseling hesitation" standard as "remarkably low." *Canada v. United States*, 950 F.3d 299, 309 (5th Cir. 2020). If any special factor exists, no implied cause of action may be created. *Id.* One special factor identified in *Abbasi* is the presence of an alternative remedial structure. *See Abbasi*, 137 S.Ct. at 1858. Courts often cite a prison grievance system as such a structure. *See, e.g., Widi v. Hudson*, No. 9:16-cv-1042 (FJS/DJS), 2019 WL 3491250, at *4 (N.D.N.Y. Aug. 1, 2019); *Taylor v. Lockett*, 2019 WL 764023, at *7 (M.D. Fla. Feb. 21, 2019) (collecting cases). That factor is present here in the form of the Bureau of Prison's administrative remedy process.

Another special factor identified in *Abbasi* and present in this case is legislative action suggesting that Congress has considered and rejected a damages remedy. In *Abbasi*, the Court observed that the Prison Litigation Reform Act (PLRA), which made widespread reforms to the process by which prisoners may bring lawsuits in federal court, does not provide for a damages remedy against federal jailers. *Abbasi*, 137 S.Ct. at 1865.

The existence of even one factor that counsels hesitation requires that a court refrain from an expansion of *Bivens*. *Canada*, 950 F.3d at 309. Here there are at least two. Accordingly, the undersigned concludes that Plaintiff's claims for excessive force, failure to protect, and retaliation may not be brought pursuant to *Bivens*.

Claims of deliberate indifference to medical needs are actionable under *Bivens*. However, Plaintiff has failed to allege sufficient facts to state a claim of deliberate indifference, which requires that he establish "'objectively that he was exposed to a substantial risk of serious harm,' and that 'jail officials acted or failed to act with deliberate indifference to that risk,' which requires actual knowledge and deliberate disregard." *Victoria W. v. Larpenter*, 369 F.3d 475, 483 (5th Cir. 2004) (citing *Lawson v. Dallas Cnty.*, 286 F.3d 257, 262 (5th Cir. 2002)). "To find that an official is deliberately indifferent, it must be proven that the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must

also draw the inference." *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002) (citation and quotation omitted).

Plaintiff's allegations fall short of these requirements. The only named defendant he has implicated in any denial of medical care is Officer Foreman. The facts alleged are that Plaintiff was ill, that he was lying in his cell, that he was going in and out of consciousness, that his cellmate asked Foreman to send for the medical staff, and that Foreman responded that he would not do so and hoped Plaintiff died. Certainly, Foreman's attitude can be characterized as one of deliberate indifference. The problem, however, is that nowhere in the many pages of Plaintiff's filings is there any indication that the cellmate described Plaintiff's condition to Foreman, and there is no other allegation suggesting that Foreman had actual knowledge that Plaintiff was seriously ill and at substantial risk of serious harm. Furthermore, Foreman's failure to call for medical assistance contributed to a delay of only about an hour and 20 minutes, and there is no allegation that the delay resulted in substantial harm. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (delay in medical care can constitute Eight Amendment violation only if it results in substantial harm.) Because Plaintiff has established neither Foreman's knowledge that he was seriously ill nor substantial harm from the delay in treatment, his medical claim fails as a matter of law.

For these reasons, the undersigned recommends that Defendants' motions be granted. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and

recommendation within fourteen (14) days after being served with a copy[3] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 14th day of January, 2022.

                                            s/ F. Keith Ball
                                            United States Magistrate Judge

---

[3] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court.  *See* Fed. R. Civ. P. 5(b)(2)(C).