UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

QUATEZ VASHON BROOKS                                                                           PLAINTIFF

V.                                                                    CIVIL ACTION NO. 3:20-CV-599-DPJ-FKB

OFFICER TORREY HANKINS, ET AL.                                                          DEFENDANTS

ORDER

This cause is before the Court on the Report and Recommendation [50] of United States Magistrate Judge F. Keith Ball. Officers Torrey Hankins, Charles E. Forman, and Malcolm Handy moved to dismiss, or, alternatively, for summary judgment. *See* Mot. [29]. Officer Paul Griffin, Jr., moved for summary judgment, or, alternatively, for judgment on the pleadings. *See* Mot. [37]. Judge Ball recommended granting both motions and dismissing the action with prejudice.

The Report and Recommendation provided an opportunity for Plaintiff to file an Objection. Plaintiff did not initially object, and the R&R was adopted as unopposed. *See* Order [51] (entered February 4, 2022). Plaintiff then filed a motion for an extension of time to object. Mot. [53]. On April 12, 2022, the Court granted Plaintiff's motion [53], set aside the prior Order [51], vacated the Judgment [52], and re-opened the case. Order [54]. Plaintiff filed his Objection [56] on May 19, 2022, and Defendants filed replies [57, 58].

Turning to the R&R, Judge Ball painstakingly laid out the disturbing details of the alleged treatment Plaintiff endured at the Federal Correctional Complex in Yazoo City, Mississippi. R&R [50] at 1–3. In general terms, Plaintiff claims Defendant Handy sexually assaulted him and then Defendants retaliated against him for reporting that conduct—to include orchestrating assaults of Plaintiff by fellow inmates and denying necessary medical attention.

Judge Ball found Plaintiff had raised "colorable claims of excessive force, retaliation, failure to protect, and denial of medical care" and sought recovery pursuant to *Bivens* and the Federal Tort Claims Act (FTCA). *Id.* at 3; *see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

I. FTCA Claims

Judge Ball correctly noted that the FTCA claims against the officers fail as a matter of law. *Id.*; *see Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) ("[A]n FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction."); *see also McAfee v. 5th Cir. Judges*, 884 F.2d 221, 223 (5th Cir. 1989) ("A constitutional claim does not arise under the Act and is barred by sovereign immunity."). Plaintiff does not appear to challenge this conclusion in his Objection. The portion of the R&R recommending dismissal of the FTCA claims is adopted.

II. *Bivens* Claims

A. Claims Not Actionable Under *Bivens*

As for Plaintiff's *Bivens* claims, Judge Ball carefully explained the Supreme Court's two-part analysis "for determining whether a claim should be implied under *Bivens*." R&R [50] at 4 (citing *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1856 (2017)).[1] Judge Ball properly applied the *Abbasi* two-part analysis and concluded that *Bivens* would not recognize Plaintiff's claims for excessive force, retaliation, and failure to protect. *Id.* at 4–6. His analysis was correct. *See Egbert v. Boule*, 142 S. Ct. 1793, 1807 (2022) (holding that "there is no *Bivens* action for First

---

[1] As explained by the Fifth Circuit in *Hernandez v. Mesa*, "*Abbasi* instructs us to determine initially whether these circumstances present a 'new context' for *Bivens* purposes, and if so, whether 'special factors' counsel against implying a damages claim against an individual federal officer." 885 F.3d 811, 815 (5th Cir. 2018).

2

Amendment retaliation"); *Watkins v. Martinez*, No. 20-40781, 2022 WL 278376, at *1 (5th Cir. Jan. 31, 2022) (refusing to extend *Bivens* to Eighth Amendment excessive-force claims against prisoner officers); *Hoffman v. Preston*, No. 20-15396, 2022 WL 6685254, at *1 (9th Cir. Oct. 11, 2022) (finding no viable *Bivens* action for failure-to-protect claims based on prison officials labeling plaintiff a snitch and putting bounty on him with other inmates); *Greene v. United States*, No. 21-5398, 2022 WL 13638916, at *3 (6th Cir. Sept. 13, 2022) (holding that "First Amendment retaliation claims and [plaintiff's] Eighth Amendment conspiracy, excessive force, sexual harassment, sexual assault, and failure to protect claims are not cognizable under *Bivens*").

Although Brooks disagrees, the cases he cites in his Objection relate to claims involving local correctional institutions (not a federal correctional facility) and pre-date *Abbasi*. Obj. [56] at 3, 7; *see Giroux v. Somerset County*, 178 F.3d 28 (1st Cir. 1999) (considering claims by former inmate at the Somerset County Jail); *Fisher v. Koehler*, 902 F.2d 2 (2nd Cir. 1990) (considering claims by inmates of the Correctional Institute for Men in New York City); *Gilland v. Owens*, 718 F. Supp. 665 (W.D. Tenn. 1989) (considering claims by inmates of the Shelby County Jail). He has not, therefore, demonstrated that these claims are viable under *Bivens*; this portion of Ball's R&R is likewise adopted.

  B. Medical-Care Claims

    1. R&R

Judge Ball recognized that claims for deliberate indifference to medical needs are actionable under *Bivens*. R&R [50] at 6; *see Oliver v. Nivar*, 973 F.3d 438, 445 (5th Cir. 2020) (noting the Supreme Court has recognized a *Bivens* claim for "failure to provide medical

3

attention to an asthmatic prisoner in federal custody in violation of the Eighth Amendment" (citing *Carlson v. Green*, 466 U.S. 14 (1980))).

> But deliberate indifference is "an extremely high standard." [*Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001)]. The prisoner "must first prove objective exposure to a substantial risk of serious harm"—in other words, the prisoner must prove a serious medical need. [*Gobert v. Caldwell*, 463 F.3d 339, 345 (5th Cir. 2006).] Second, the prisoner must prove the officials' subjective knowledge of this substantial risk. Third, the prisoner must prove that the officials, despite their actual knowledge of the substantial risk, denied or delayed the prisoner's medical treatment. Finally, the prisoner must prove that the delay in or denial of medical treatment resulted in substantial harm, such as suffering additional pain.

*Petzold v. Rostollan*, 946 F.3d 242, 248–49 (5th Cir. 2019) (footnotes omitted).

Judge Ball first noted—correctly so—that Brooks failed to plead facts suggesting a viable claim against any defendant other than Charles E. Foreman. As to Defendant Foreman, Brooks alleged that while he was lying ill in his cell (fading in and out of consciousness), his cellmate asked Defendant Foreman to send for the medical staff. R&R [50] at 7. "Foreman responded that he would not do so and hoped Plaintiff died." *Id.* About an hour and twenty minutes later, a new guard came on duty and contacted medical. *Id.* at 2. Medical personnel concluded Plaintiff was suffering from low blood glucose, dehydration, and diarrhea. Med. Records [1-4] at 13. When they were "[u]nable to get . . . IV access," Plaintiff was transferred to the hospital, where he was treated and returned to the facility the following day. *Id.*

Judge Ball explained that, while "Foreman's attitude can be characterized as one of deliberate indifference," there is no indication "that the cellmate described Plaintiff's condition to Foreman" and no allegation "that Foreman had actual knowledge that Plaintiff was seriously ill and at substantial risk of serious harm." R&R [50] at 7. Lastly, Judge Ball noted that Foreman's refusal to seek medical care only resulted in a delay of an hour and twenty minutes

and "there is no allegation that the delay resulted in substantial harm." *Id.* (citing *Mendoza v Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)).

        2.     Objection

In his Objection, Plaintiff expounded on his allegations, insisting that Foreman had actual knowledge of his condition. Plaintiff explained that his cellmate left for recreation and when the cellmate returned, "they handcuffed me and then open the door and let my cellmate in the cell." Obj. [56] at 5.

> Once the door was shut my cellmate got his hand-cuffs off, then as I was walking to the door to get my hand-cuffs off my legs gave out and I fell on the floor with my hands was cuffed behind my back. I was going in and out of consciousness. I heard my cellmate telling the officer's that I have been trying to see medical for a week. I then heard my celly ask C. Foreman to do his job, he said "I hope he died." They was not listening to my celly and I stayed on the floor on my side unresponsive for around 1 hour and 2 minutes. . . . I was hospitalized overnight, if I would have received medical help in that hour and 2 minutes I probably wouldn't have to be hospitalized. Not only that did my cellmate tell officer C. Foremen that I needed medical help, it was obvious cause I was on the floor unresponsive. It is not his job to give me medical aid, but it is his job to call medical when an inmate is unresponsive. And the use the word "DELAY," but he never called or told anybody that I was in my room on the floor, unresponsive, in need of medical help. And he can't say that he didn't know cause it was his hand-cuffs that was on me.

*Id.* at 5–6 (unaltered).[2]

Foreman's Reply [57] does not acknowledge these allegations; and nor does he specifically address Plaintiff's denial-of-medical-care claim. Moreover, the Court's consideration is complicated by the fact that Foreman did not analyze the deprivation-of-medical-care claim in his motion for summary judgment [29] and supporting memorandum [30].

---

[2] In describing the event in his Complaint, Brooks alleged, "I was coming in and out of consciousness and I heard officer Formen say 'Brooks, I hope your stupid ass dies cause I ain't calling nobody.' My cellie then kicked on the cell door and pushed the emergency button, but to no avail. Staff walked passed the cell door and ignored me." Comp. [1] at 8 (unaltered).

5

Foreman acknowledged that a failure-to-provide-adequate-medical-care claim had been recognized under *Bivens*. Mem. [30] at 10. But then the remainder of the memorandum focused on the two-part *Abbasi* test, urging the Court to reject the excessive-force and failure-to-protect claims. *Id.* at 11–12; *see also id.* at 14–15. In other words, Plaintiff's account as to what took place is largely undisputed.

The Court notes that Foreman may tell a different story, but at this procedural stage, the Court must accept Plaintiff's account. And based on the allegations in his Complaint, combined with the detail provided in his Objection, it appears that Foreman was present when Plaintiff collapsed, saw him fading in and out of consciousness, heard the cellmate's request for medical attention, and callously refused. *See Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018) ("We have defined 'a serious medical need' as 'one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required.'" (quoting *Gobert*, 463 F.3d at 365 n.12)). An hour and twenty minutes later, when medical assistance was provided, Plaintiff was sent to the local hospital for an overnight stay. *See Petzold*, 946 F.3d at 249 (noting "substantial harm" includes "suffering additional pain"). Based on the record available at this time, the Court concludes dismissal (or alternatively summary judgment) should be denied.

III.   Conclusion

The Court has considered all arguments raised by the parties; those not specifically addressed would not have changed the conclusion. For the reasons explained, the Court adopts the Report and Recommendation [50] as to the FTCA claims and the *Bivens* claims—except for the failure-to-provide-medical-care claim against Defendant Foreman; that claim will go

6

forward.  Accordingly, Griffin's motion for summary judgment [37] is granted; Defendants' motion for summary judgment [29] is granted in part and denied in part.[3]

Finally, Plaintiff's recently filed "motion to be granted all that I asked for" [59] is denied. Plaintiff incorrectly asserts that Defendants did not respond to his Objection.  *See* Mot. [59] at 1 ("Due to all the defendants not responding/objecting I am asking that everything that I have ask the courts for be granted.").

**SO ORDERED AND ADJUDGED** this the 19th day of December, 2022.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Judge Ball will determine the next step with respect to the surviving claim.